IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV49-03-MU

| | |
|---|---|
| VILMA MIRJAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SBI AGENT WENDY WHITE; ) | |
| DETECTIVE TIM CHEEK; ) | |
| DETECTIVE J.T. PATTERSON ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 30, 2007 (Document No. 1. )

Plaintiff's § 1983 Complaint alleges that Agent White, Detective Cheek and Detective Patterson violated her rights during the investigation and arrest process and that such violations resulted in her being sentenced to 64 to 80 months imprisonment for seventeen felony convictions. By way of relief, Plaintiff asks "that these 17 charges should be dismissed and stricken from [her] record [and she should be] compensated monetarily (sic) for any time [and] that [she] should not have been deprived of [her] freedom." (Complaint at 5.)

A § 1983 action is not the appropriate vehicle to address Plaintiff's claim. "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by

1

a federal court's issuance of a § 2254 writ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If the prisoner cannot make this showing, his claim is not cognizable. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, the district court should dismiss the § 1983 action unless the petitioner can demonstrate that the conviction or sentence is already invalidated. Id.

Plaintiff has not demonstrated that her conviction has been invalidated. Since her claim would necessarily imply the invalidity of her conviction or sentence, this Court must dismiss this § 1983 action. Id.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: May 3, 2007

Graham C. Mullen
United States District Judge